UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ENRIQUE MADRINAN,
    Plaintiff,
vs.

FAMOUS CAPITAL, LLC, and
CARINO'S DORAL, L.L.C. d/b/a
FAMOUS DAVE'S BBQ a/k/a
FAMOUS DAVE'S,
    Defendants.

## COMPLAINT

Plaintiff, ENRIQUE MADRINAN (hereinafter "Plaintiff"), by and through undersigned, hereby files this Complaint and sues Defendants, FAMOUS CAPITAL, LLC, and CARINO'S DORAL, L.L.C. d/b/a FAMOUS DAVE'S BBQ a/k/a FAMOUS DAVE'S (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., and 42 U.S.C. §12131-12134 (hereinafter the "ADA"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), the Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as the "FACBC").

### Jurisdiction

**1.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 FOR Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of the ADA (*see also* 28 U.S.C. §§ 2201 and 2202).

**2.** This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

---

[1] Fla. Stat. § 553.501 through § 553.513 and Florida Building Code, Chapter 11

3. Venue in this district is proper under Title 28 U.S.C. § 1391 since all acts or omissions giving rise to this action occurred in the Southern District of Florida, in Miami-Dade County, Florida, and the subject premises in located in Miami-Dade County, Florida.

4. Plaintiff, ENRIQUE MADRINAN, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Plaintiff is limited in one or more major life activities as a result of a severe spinal cord injury which requires him to use a wheelchair to ambulate and has limited his manual dexterity.

6. Plaintiff is a father, college graduate, and professional who frequently travels locally and internationally, dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, and professionally licensed individual.

7. Plaintiff visited FAMOUS DAVE'S a/k/a FAMOUS DAVE'S BBQ located at 8210 NW 36th St, Doral, FL 33166 (hereinafter the "Subject Premises"), the property which forms the basis of this lawsuit, on or about May 15, 2021.

8. Plaintiff is a resident of South Florida who resides in proximity to the Subject Premises and intends to return to the Subject Premises on the architectural barriers to access and discriminatory policies and procedures violating the ADA and FACBC are no longer present.

9. Similar to most able-bodied patrons, Plaintiff looks forward to revisiting the facility to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages, and accommodations offered to the general public at the Subject

Premises. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Subject Premises.

10. The Subject Premises is in an area frequently traveled by Plaintiff.

11. Plaintiff has his own vehicle, drives, and visited the Subject Premises which forms the basis of this lawsuit and plans to return to the Subject Premises to avail himself of the goods and services offered to the public at the Subject Premises and to determine whether the Subject Premises has been made ADA compliant. Plaintiff's access to the Subject Premises and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of his disabilities and will be continue to be denied and/or limited due to the barriers to access and ADA violations which exist at the Subject Premises, including but not limited to those set forth in this Complaint.

12. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff is an advocate of the rights of similarly situated disabled persons and an advocate of asserting his civil rights. In this instance, Plaintiff in his individual capacity has visited the Subject Premises, encountered barriers to access at the Subject Premises, engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such hard and injury as a result of those illegal barriers to access and violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention and thus Plaintiff will continue to suffer legal harm and injury in the near future.

13. Defendant, FAMOUS CAPITAL, LLC, transacts business in the State of Florida and within this judicial district. Defendant, FAMOUS CAPITAL, LLC, is the owner of the

property which is the subject of this action located on or about 8210 NW 36th St., Doral, FL 33166 ("Subject Premises").

14.  Defendant, CARINO'S DORAL, L.L.C., transacts business in the State of Florida and within this judicial district.  Defendant, CARINO'S DORAL, L.L.C., in the owner and/or operator of the restaurant known as FAMOUS DAVE'S BBQ a/k/a FAMOUS DAVE'S, which is the subject of this action located on or about 8210 NW 36th St., Doral, FL 33166 ("Subject Premises").

15.  CARINO'S DORAL, L.L.C. d/b/a FAMOUS DAVE'S BBQ a/k/a FAMOUS DAVE'S opened for business in or around July 2005.

16.  Pursuant to the mandates of 42 U.S.C. § 12134(a), on September 5, 2010, the Department of Justice, Officer of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA (hereinafter "Standards").  Public accommodations were required to conform to these regulations on or before March 15, 2012.[2]

17.  Pursuant to 28 C.F.R. part 36.406(a)(3) the facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902.

18.  Pursuant to 28 C.F.R. part 36.401(a), the facility was required to provide an accessible forward approach to a design-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and other fully comply with 2010 ADA Standard § 902, 904, 305, and 306.

---

[2] "Safe Harbor.  Elements that have not been altered in existing facilities one or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards."  28 C.F.R. § 36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards, as well as a the 2010 Standards.

19. The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 C.F.R. § 1191, *et seq*., and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 C.F.R. part 36.

20. Pursuant to 28 C.F.R. part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

21. Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants fail to provide adequate and sufficient accessible seating within all areas of the Subject Premises.

22. Plaintiff alleges that Defendants uniformly approved the use of these unlawful design modules/schemes at the Subject Premises' bar counters intentionally disregarding the accessibility requirements of the ADA.

23. Plaintiff alleges that Defendants approved and utilized these inaccessible modular structures to ensure uniformity of design, feel, and functionality at the Subject Premises which purposely exclude individual who require a wheelchair to ambulate, including the instant Plaintiff.

24. Plaintiff further alleges that Defendants' in-house design committee approved the use of the inaccessible common design of the seating with deliberate indifference to and disregard for persons with disabilities, including the instant Plaintiff and those similarly situated.

25. Plaintiff further alleges that Defendants' in-house design committees uniformly created a policy of using inaccessible tables and bars throughout this facility, thereby further serving to isolate Plaintiff, both physically and emotionally, and denying Plaintiff and those similarly situated the full and equal enjoyment of the amenities, services, privileges, activities, and accommodations of the Subject Premises.

26. As a result, and for additional reasons set forth herein, it cannot be denied that the Defendants' have intentionally discriminated against the Plaintiff and those similarly situated.

27. The egregiousness of Defendants' offending conduct, including the existence of discriminatory policies and procedures, combined with denying access to individuals with disabilities such as the Plaintiff and those similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants cannot be allowed to return to their discriminatory ways, including re-implementing discriminatory policies and procedures.

28. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is structurally practicable pursuant to 42 U.S.C. § 12183(a)(1).

29. The Subject Premises is a place of public accommodation and service establishment, and although required by law to do so, Defendants' have not complied with the ADA and ADAAG.

30. In this instance, on May 15, 2021, Plaintiff visited the Subject Premises and encountered barriers to access to the Subject Premises, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access and Defendants' violations as set forth herein.

31. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

32. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises is located in the Southern District.

## Factual Allegations and Claim

33. Plaintiff has attempted to the extent possible, accessed the Subject Premises, but could not fully access all features and areas of the Subject Premises because of his disabilities due to the physical barriers to access, dangerous conditions, and ADA violations existing at the Subject Premises (as specifically set forth in this Complaint) which restrict and limit his access to the Subject Premises and his access to the goods, services, facilities, privileges, advantages, and/or accommodations of the Subject Premises.

34. Plaintiff intends to visit the Subject Premises again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Premises, but will be unable to do so because of his disabilities due to the physical barriers to access, dangerous conditions, and ADA violations existing at the Subject Premises (as specifically set forth in this Complaint) which restrict and limit his access to the Subject Premises and his access to the goods, services, facilities, privileges, advantages, and/or accommodations of the Subject Premises.

35. Defendants have discriminated against Plaintiff and others with disabilities by denying access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Subject Premises as prohibited by 42 U.S.C. § 12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §

12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and other with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

36. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, but not exclusive, list of unlawful physical barriers, dangerous conditions, and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Subject Premises, include:

### Bar/Bar Area/Dining Rooms/Outdoor Patio

i) There are no permanent accessible seating spaces at the bar counter.

ii) There are no permanent accessible seating spaces at table near the bar counter.

iii) There are no permanent accessible seating spaces in the dining room immediately adjacent to the bar area.

iv) There are insufficient accessible seating spaces at the outdoor patio dining area.

v) There are insufficient accessible seating spaces in relation to the total number of seating spaces throughout the separate areas of the facility.

37. The above listing is not to be considered all-inclusive of the physical barriers, dangerous conditions, and ADA violations encountered by Plaintiff and/or which exist at the Subject Premises. Plaintiff requires as inspection of the Subject Premises to determine all existing physical barriers, dangerous conditions, and ADA violations to be remediated.

**38.** Plaintiff has attempted to gain full access to the Subject Premises, but because of this disability he has been denied full access to and been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendants because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

**39.** The removal of physical barriers, dangerous conditions, and ADA violations set forth herein are readily achievable and can be accomplished and carried out without much difficulty or expense. *See* 42 U.S.C. §§12182(b)(2)(A)(iv), 42 U.S.C. § 12181(9), and 28 C.F.R. § 36.304.

**40.** Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonable anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility including but not limited to those set forth herein.

**41.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. §§ 12205 and 12217.

**42.** Pursuant to 42 U.S.C. § 12288(a), this Court is given authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and to close the Subject Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make is readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, FL 33431
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net